

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

Date 9/13/2011

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive and
Clerk of Court

Eastern                     District Of New York
225 Cadman Plaza East, Room 118S
Brooklyn, NY 11201-1818
Transfer of ☐ Criminal Case  or ☑ Magistrate Case
Case No. 11-mj-2073              Case Title: USA vs Bennett

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 19 2011 ★
BROOKLYN OFFICE

Dear Sir/Madam:

~~Pursuant to F.R.CR.P. 5:~~
☑ Certified copy of case file documents (Filed prior to January 1, 2007**) and docket sheet
☑ This is an electronically filed case and the documents are available through pacer
☐ Not for public view document (pursuant to Judicial Conference policy)
☐ Original Bond       or     ☐ Original Bond to be forwarded by Fiscal
☐ Original Passport    or     ☐ Declaration re: Passport
☐ Original Passport (received on or after 1-1-07) will be transferred by Pretrial Services
☐ Other _____

**Pursuant to ☐ F.R.CR.P. 20 / ☐ F.R.CR.P. 21:**
☐ This is an electronically filed case and the document are available through pacer.
☐ Certified copy of docket sheet
☐ Certified copy of Indictment / Information**        ☐ Original Consent of defendant
☐ Original Passport              or     ☐ Declaration re: Passport
☐ Original Passport (received on or after 1-1-07) will be transferred by Pretrial Services
☐ Not for public view document (pursuant to Judicial Conference policy)
☐ Other _____

**\*\*Note: Documents filed on or after January 1, 2007 are available electronically through PACER.**
Electronically filed documents can be retrieved by using your court's pacer account .

Sincerely,

Clerk, U.S. District Court

By  shannon_johnson@cacd.uscourts.gov
      Deputy Clerk

*cc:   U.S. Attorney -Central District of California and Receiving District, Pretrial Services*

===================================================

### TO BE COMPLETED BY RECEIVING DISTRICT

Please acknowledge receipt via e-mail to the appropriate address listed below and provide the case number:

☑ CrimIntakeCourtDocs-LA@cacd.uscourts.gov    (Los Angeles Offices)
☐ CrimIntakeCourtDocs-RS@cacd.uscourts.gov    (Riverside Office)
☐ CrimIntakeCourtDocs-SA@cacd.uscourts.gov    (Santa Ana Office)

Case No: _____         Clerk, U.S. District Court

_____                  By: _____
Date                                          Deputy Clerk

CR-48 (04/09)          **LETTER RE: F.R.CR.P. 5, 20 and 21 - TRANSFER OUT**

FILED

2011 SEP -7  PM 12: 31

_____ COURT
_____ DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 11 CR 424 (SJ) 2073 M |
| v. | |
| Darron Lamont Bennett | AFFIDAVIT RE OUT-OF-DISTRICT WARRANT |
| DEFENDANT(S). | |

The above-named defendant was charged by: _Indictment_
in the _Eastern_ District of _New York_ on _9/1/2011_
at _____ ☐ a.m. / ☐ p.m. The offense was allegedly committed on or about _____
in violation of Title _21_ U.S.C., Section(s) _846_
to wit: _Conspiracy to Distribute Cocaine_

A warrant for defendant's arrest was issued by: _____

Bond of $_____ was ☐ set / ☐ recommended.

Type of Bond:

Relevant document(s) on hand (attach):

I swear that the foregoing is true and correct to the best of my knowledge.

Sworn to before me, and subscribed in my presence on _9/7/11_ , by

**EDUARDO RAMIREZ** _____ , Deputy Clerk.

_Brett Kelly_ (signature)
Signature of Agent

_Brett Kelly_
Print Name of Agent

_DEA_
Agency

_Special Agent_
Title

CR-52 (05/98)                    **AFFIDAVIT RE OUT-OF-DISTRICT WARRANT**

# UNITED STATES DISTRICT COURT

<u>EASTERN</u>                    DISTRICT OF _____    <u>NEW YORK</u>

UNITED STATES OF AMERICA

v.                                                    WARRANT FOR ARREST

DARRON LAMONT BENNETT

## 11-2073M

CASE NUMBER: 11 CR 424 (S-3)

DEFENDANT.

TO: Special Agent  Ed Tracy _____, and any Authorized United States Official

YOU ARE HEREBY COMMANDED to arrest  DARRON LAMONT BENNETT _____
                                                              Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☑ Indictment   ☐ Information   ☐ Complaint   ☐ Order of Court   ☐ Violation Notice   ☐ Probation Violation Petition

charging him or her with (brief description of offense)

### Conspiracy to Distribute Cocaine

In violation of Title _____ 21 _____   United States Code, Section(s) 846

HONORABLE MARILYN GO                            U.S. Magistrate Judge
Name of Issuing Officer                          Title of Issuing Officer

                                                September 1, 2011 Brooklyn, New York
Signature of Issuing Officer                      Date and Location

Bail fixed at $ _____        By _____

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

DS:CP:TK
F.#2011R00935\NY-NYE-635-H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JAMES ROSEMOND,
     also known as "Jimmy
     Henchmen,"
DARRON LAMONT BENNETT,
     also known as "L" and
     "Dirt,"
JASON WILLIAMS,
MARIO ROSEMOND and
DENNIS GRAHAM,
     also known as "Mark Black"
     and "Bigga,"

             Defendants.

- - - - - - - - - - - - - - - - -X

# 11-2073M

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>11-424 (S-3) (JG)</u>
(T. 18, U.S.C., §§
922(g)(1), 924(a)(2),
924(c)(1)(A)(i),
924(c)(1)(B)(ii),
924(c)(1)(C)(i),
924(c)(1)(C)(ii), 982,
1512(b)(3),
1956(a)(1)(B)(i),
1956(a)(1)(B)(ii), 1956(h),
1957, 2 and 3551 <u>et seq.</u>;
T. 21, U.S.C., §§
841(a)(1),
841(b)(1)(A)(ii)(II),
841(b)(1)(B)(ii)(II), 846,
848(a), 848(b), 848(c),
853(a) and 853(p); T. 31,
U.S.C., §§ 5317(c),
5324(a)(3) and 5324(d)(2))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

    1.   On or about and between January 1, 2007 and June

21, 2011, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant JAMES

ROSEMOND, also known as "Jimmy Henchmen," together with others,

did knowingly and intentionally engage in a continuing criminal

enterprise, in that the defendant JAMES ROSEMOND committed

violations of Title 21, United States Code, Sections 841 and 846,

including Violations One through Five set forth below, which
violations were part of a continuing series of violations of
those statutes undertaken by the defendant JAMES ROSEMOND, the
principal administrator, organizer and leader of the continuing
criminal enterprise, in concert with five or more other persons
with respect to whom the defendant JAMES ROSEMOND occupied a
supervisory and management position, and from which continuing
series of violations the defendant JAMES ROSEMOND obtained
substantial income and resources, and the enterprise received $10
million or more in gross receipts during one or more twelve-month
periods for the distribution of cocaine.  The continuing series
of violations, as defined by Title 21, United States Code,
Section 848(c), included Violations One through Five set forth
below.

### Violation One
(Distribution of Cocaine)

2.  On or about and between June 1, 2009 and August
31, 2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant JAMES
ROSEMOND, together with others, did knowingly and intentionally
distribute and possess with intent to distribute a controlled
substance, which offense involved five kilograms or more of a
substance containing cocaine, a Schedule II controlled substance,
in violation of Title 21, United States Code, Sections 841(a)(1)

2

and 841(b)(1)(A)(ii)(II), and Title 18, United States Code,
Section 2.

## Violation Two
### (Distribution of Cocaine)

3.    On or about and between November 1, 2009 and
December 3, 2009, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere, the
defendant JAMES ROSEMOND, together with others, did knowingly and
intentionally distribute and possess with intent to distribute a
controlled substance, which offense involved five kilograms or
more of a substance containing cocaine, a Schedule II controlled
substance, in violation of Title 21, United States Code, Sections
841(a)(1) and 841(b)(1)(A)(ii)(II), and Title 18, United States
Code, Section 2.

## Violation Three
### (Distribution of Cocaine)

4.    On or about and between August 1, 2010 and August
31, 2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant JAMES
ROSEMOND, together with others, did knowingly and intentionally
distribute and possess with intent to distribute a controlled
substance, which offense involved five kilograms or more of a
substance containing cocaine, a Schedule II controlled substance,
in violation of Title 21, United States Code, Sections 841(a)(1)

3

and 841(b)(1)(A)(ii)(II), and Title 18, United States Code, Section 2.

### Violation Four
(Distribution of Cocaine)

5.   On or about and between November 1, 2010 and November 30, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES ROSEMOND, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II), and Title 18, United States Code, Section 2.

### Violation Five
(Cocaine Trafficking)

6.   The defendant JAMES ROSEMOND committed the following acts, any one of which alone constitutes Violation Five:

A.   Conspiracy to Distribute Cocaine

7.   On or about May 11, 2011, within the Eastern District of New York and elsewhere, the defendant JAMES ROSEMOND, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a

4

substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II) and 846.

B.   Possession of Cocaine with Intent to Distribute

8.   On or about May 11, 2011, within the Eastern District of New York and elsewhere, the defendant JAMES ROSEMOND, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II), and Title 18, United States Code, Section 2.

C.   Attempted Distribution of Cocaine

9.   On or about May 11, 2011, within the Eastern District of New York and elsewhere, the defendant JAMES ROSEMOND, together with others, did knowingly and intentionally attempt to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II) and 846, and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18, United States Code, Sections 3551 et seq.)

5

COUNT TWO
(Conspiracy to Distribute Cocaine)

10.   On or about and between January 1, 2007 and June 21, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," DARRON LAMONT BENNETT, also known as "L" and "Dirt," JASON WILLIAMS, MARIO ROSEMOND and DENNIS GRAHAM, also known as "Mark Black" and "Bigga," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

COUNT THREE
(Distribution of Cocaine)

11.   On or about and between June 1, 2009 and August 31, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," DARRON LAMONT BENNETT, also known as "L" and "Dirt," JASON WILLIAMS, MARIO ROSEMOND and DENNIS GRAHAM, also known as "Mark Black" and "Bigga," together with others, did knowingly and intentionally distribute and

6

possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
### (Distribution of Cocaine)

12. On or about and between November 1, 2009 and December 3, 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," JASON WILLIAMS, MARIO ROSEMOND and DENNIS GRAHAM, also known as "Mark Black" and "Bigga," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
### (Distribution of Cocaine)

13. On or about and between August 1, 2010 and August 31, 2010, both dates being approximate and inclusive, within the

7

Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," JASON WILLIAMS, MARIO ROSEMOND and DENNIS GRAHAM, also known as "Mark Black" and "Bigga," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
### (Distribution of Cocaine)

14. On or about and between November 1, 2010 and November 30, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," JASON WILLIAMS, MARIO ROSEMOND and DENNIS GRAHAM, also known as "Mark Black" and "Bigga," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

8

## COUNT SEVEN
(Conspiracy to Distribute Cocaine)

15.  On or about May 11, 2011, within the Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," and JASON WILLIAMS, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT EIGHT
(Possession of Cocaine with Intent to Distribute)

16.  On or about May 11, 2011, within the Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," and JASON WILLIAMS, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
### (Attempt to Distribute Cocaine)

17.  On or about May 11, 2011, within the Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," and JASON WILLIAMS, together with others, did knowingly and intentionally attempt to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
### (Firearm Possession in Connection with Drug Trafficking)

18.  On or about August 29, 2007, within the Central District of California, the Eastern District of New York and elsewhere, the defendant DARRON LAMONT BENNETT, also known as "L" and "Dirt," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime, to wit: the crime charged in Count Two, and did knowingly and intentionally possess said firearm in furtherance of such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

10

<u>COUNT ELEVEN</u>
(Firearm Possession in Connection with Drug Trafficking)

19.   On or about November 4, 2008, within the Central

District of California, the Eastern District of New York and

elsewhere, the defendant JAMES ROSEMOND, also known as "Jimmy

Henchmen," together with others, did knowingly and intentionally

use and carry a firearm during and in relation to one or more

drug trafficking crimes, to wit: the crimes charged in Counts One

and Two, and did knowingly and intentionally possess said firearm

in furtherance of such drug trafficking crimes.

(Title 18, United States Code, Sections

924(c)(1)(A)(i), 2 and 3551 <u>et</u> <u>seq.</u>)

<u>COUNT TWELVE</u>
(Firearm Possession in Connection with Drug Trafficking)

20.   On or about April 28, 2010, within the Eastern

District of New York and elsewhere, the defendant JAMES ROSEMOND,

also known as "Jimmy Henchmen," together with others, did

knowingly and intentionally use and carry one or more firearms,

to wit: a Masterpiece Arms .45 caliber Mac-11 machinegun and a

firearm silencer, during and in relation to one or more drug

trafficking crimes, to wit: the crimes charged in Counts One and

11

Two, and did knowingly and intentionally possess said firearms in furtherance of such drug trafficking crimes.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(B)(ii), 924(c)(1)(C)(i), 924(c)(1)(C)(ii), 2 and 3551 et seq.)

<u>COUNT THIRTEEN</u>
(Felon in Possession of a Firearm)

21.    On or about August 29, 2007, within the Central District of California, the defendant DARRON LAMONT BENNETT, also known as "L" and "Dirt," having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Colt 10 mm semi-automatic pistol, and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

<u>COUNT FOURTEEN</u>
(Felon in Possession of a Firearm)

22.    On or about November 4, 2008, within the Central District of California, the defendant JAMES ROSEMOND, also known as "Jimmy Henchmen," having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting

12

commerce a firearm, to wit: a Ruger 9 mm semi-automatic pistol, and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT FIFTEEN
### (Felon in Possession of a Firearm)

23.    On or about April 28, 2010, within the Eastern District of New York and elsewhere, the defendant JAMES ROSEMOND, also known as "Jimmy Henchmen," having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: a Masterpiece Arms .45 caliber Mac-11 machinegun and a firearm silencer, and ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT SIXTEEN
### (Money Laundering Conspiracy)

24.    On or about and between January 1, 2007 and June 21, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," JASON WILLIAMS and MARIO ROSEMOND, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate commerce, to wit: the

13

transfer and delivery of United States currency, which

transactions in fact involved the proceeds of specified unlawful

activity, to wit: narcotics trafficking, in violation of Title

21, United States Code, Sections 841(a)(1) and 846, knowing that

the property involved in such transactions represented the

proceeds of some form of unlawful activity, with the intent to

promote the carrying on of the specified unlawful activity,

contrary to Title 18, United States Code, Section

1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and

3551 et seq.)

## COUNT SEVENTEEN
(Money Laundering)

25. On or about and between January 1, 2007 and June

21, 2011, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant JAMES

ROSEMOND, also known as "Jimmy Henchmen," together with others,

did knowingly and intentionally conduct one or more financial

transactions in and affecting interstate commerce, to wit: the

transfer and delivery of United States currency and the purchase

and disposition of money orders, which transactions in fact

involved the proceeds of specified unlawful activity, to wit:

narcotics trafficking, in violation of Title 21, United States

Code, Sections 841(a)(1) and 846, knowing that the property

involved in such transactions represented the proceeds of some

form of unlawful activity, and knowing that such transactions
were designed in whole and in part (a) to conceal and disguise
the nature, the location, the source, the ownership and the
control of the proceeds of the specified unlawful activity, and
(b) to avoid one or more transaction reporting requirements under
Federal law.

         (Title 18, United States Code, Sections
1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), 2 and 3551 et seq.)

                          COUNT EIGHTEEN
             (Unlawful Monetary Transactions Over $10,000)

         26.   On or about and between January 1, 2007 and June
21, 2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant JAMES
ROSEMOND, also known as "Jimmy Henchmen," together with others,
did knowingly and intentionally engage in one or more monetary
transactions in and affecting interstate commerce, to wit: the
purchase, deposit, transfer and exchange of money orders, the
deposit of United States currency and money orders into bank
accounts, the purchase of jewelry and the making of a mortgage
loan payment, in criminally derived property that was of a value
greater than $10,000 and that was derived from specified unlawful
activity, to wit: narcotics trafficking, contrary to Title 21,
United States Code, Sections 841(a)(1) and 846.

         (Title 18, United States Code, Sections 1957, 2 and
3551 et seq.)

                              16

## COUNT NINETEEN
(Structuring Financial Transactions)

27.  Pursuant to Title 31, United States Code, Section 5312(a)(2)(V), the United States Postal Service ("USPS") was a domestic "financial institution" for the purposes of the requirements of Title 31, United States Code, Section 5325(a).

28.  Pursuant to Title 31, United States Code, Section 5325(a)(2) and Title 31, Code of Federal Regulations, Section 1010.415, formerly codified at Title 31, Code of Federal Regulations, Section 103.29, the USPS could not issue or sell a money order to any individual in connection with a transaction or group of contemporaneous transactions which involved United States currency in amounts or denominations of $3,000 or more, unless the individual furnished the USPS with photo identification and filled out USPS form 8105-A, which required the purchaser to provide other identifying information, including but not limited to the purchaser's name, address, telephone number, date of birth and Social Security number.

29.  In or about and between March 1, 2005 and June 21, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES ROSEMOND, also known as "Jimmy Henchmen," together with others, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5325 and regulations prescribed thereunder, did knowingly and intentionally structure and assist

17

in structuring one or more transactions with a domestic financial

institution, to wit: the USPS, by purchasing money orders from

the USPS in a structured fashion, to wit: breaking down sums of

currency in excess of $3,000 into sums below $3,000, then using

the smaller sums to purchase postal money orders in amounts of

less than $3,000, while violating another law of the United

States and as part of a pattern of illegal activity involving

more than $100,000 in one or more twelve-month periods.

(Title 31, United States Code, Sections 5324(a)(3) and

5324(d)(2); Title 18, United States Code, Sections 2 and 3551 et

seq.)

<u>COUNT TWENTY</u>
(Obstruction of Justice)

30.   On or about and between September 1, 2010 and

January 31, 2011, both dates being approximate and inclusive,

within the Eastern District of New York and elsewhere, the

defendants JAMES ROSEMOND, also known as "Jimmy Henchmen," and

DARRON LAMONT BENNETT, also known as "L" and "Dirt," together

with others, did knowingly, intentionally and corruptly persuade,

and attempt to persuade, Witness #1, an individual whose identity

is known to the Grand Jury, with intent to hinder, delay and

prevent the communication to a law enforcement officer of the

United States of information relating the commission and

18

possible commission of one or more Federal offenses, to wit: the offenses charged in Counts One through Nine.

(Title 18, United States Code, Sections 1512(b)(3), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE
### (Continuing Criminal Enterprise)

31.  The United States hereby gives notice to the defendant charged in Count One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, and any of their interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to a sum of money equal to the proceeds of said offense and the following:

(a)  All right, title, and interest in the real property located at 101 Willoughby Street/365 Bridge Street, Unit 20B, Brooklyn, New York 11201;

(b)  All right title, and interest in the real property located at 101 Willoughby Street/365 Bridge Street, Unit 20C, Brooklyn, New York 11201; and

19

(c)   All right, title, and interest in the real property located at 100 Riverside Boulevard, Unit 7E, New York, New York 10069 (collectively, "the Subject Properties").

32.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(a) and 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation, including but not limited to the following:

(f)   All right, title and interest in the real property located at 1800 Purdy Street/Sunset Harbour South, Penthouse 5, Miami Beach, Florida 33139; and

20

(g)  All right, title, and interest in the real property located at 770 Claughton Island Drive, Unit 1014, Miami, Florida 33131, (collectively "the Substitute Real Properties").

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS TWO THROUGH NINE
(Cocaine Trafficking)

33.  The United States hereby gives notice to the defendants charged in Counts Two through Nine that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including but not limited to a sum of money equal to the proceeds of such offenses and the Subject Properties.

34.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

21

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including, but not limited to the Substitute Real Properties.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS SIXTEEN THROUGH EIGHTEEN
(Money Laundering and Engaging in
Unlawful Monetary Transactions)

35.   The United States hereby gives notice to the defendants charged in Counts Sixteen through Eighteen that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property, real or personal, involved in such offenses in violation of Title 18, United States Code, Sections 1956 or 1957, or conspiracy to commit such offenses, and any property traceable to such property, including, but not limited to a sum of money equal to the amount involved in the commission of such offenses and the Subject Properties.

22

36.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation, including, but not limited to the Substitute Real Properties.

(Title 18, United States Code, Section 982)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT NINETEEN
### (Structuring Financial Transactions)

37.  The United States hereby gives notice to the defendant charged in Count Nineteen that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or conspiracy to commit such

23

offense, and any property traceable to such property, including but not limited to a sum of money equal to the amount involved in such offense and the Subject Properties.

38.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the

24

forfeitable property described in this forfeiture allegation including, but not limited to the Substitute Real Properties.

(Title 31, United States Code, Section 5317(c); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

by: _____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | CASE NUMBER: |
|---|---|

PLAINTIFF

**11-2073M**

v.

11 CR 424 (S-3)

Darron Lamont Bennett

**REPORT COMMENCING CRIMINAL ACTION**

DEFENDANT(S).

FILED

TO:    CLERK'S OFFICE, U. S. DISTRICT COURT

All items are to be completed. Information not applicable or unknown will be indicated as "N/A".

1. Date and time of arrest: _9/7/2011_    _7:00_ ☒ AM / ☐ PM

2. Defendant is in lock-up (in this court building)  Yes ☒    No ☐

3. Charges under which defendant has been booked:
   _Title 21 846 conspiracy to Distribute cocaine_

4. Offense charged is a: ☒ Felony    ☐ Minor Offense    ☐ Petty Offense    ☐ Other Misdemeanor

5. U.S. Citizen: ☒ Yes    ☐ No    ☐ Unknown

6. Interpreter Required: ☒ No    ☐ Yes: _____ (Language)

7. Year of Birth: _1966_

8. The defendant is: ☒ Presently in custody on this charge.
   ☐ Federal - In custody on another conviction.
   ☐ State - In custody awaiting trial on these charges.

9. Place of detention (if out-of-district): _____

10. Date detainer placed on defendant: _____

11. This is a reprosecution of previously dismissed charges. (Docket/Case No. _____)

12. Does the defendant have retained counsel ?    ☒ No
    ☐ Yes    Name: _____ and Phone Number: _____

13. Did you notify Pretrial Services?    ☐ No
    ☒ If yes, please list Officer's Name: _Duty officer_    Time: _12:20_ AM / ☒ PM

14. Remarks (if any): _____

15. Date: _9/7/2011_    16. Name: _Brett Kelly_ (Please Print)

17. Agency: _DEA_    18. Signature: _Brett Kelly_

19. Office Phone Number: ~~714-64~~
    _213-276-4198_

CR-64 (06/09)          REPORT COMMENCING CRIMINAL ACTION

Case 2:11-mj-02073-DUTY   Document 4   Filed 09/07/11   Page 1 of 1   Page ID #:28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | | Western Division |
|---|---|---|
| | Plaintiff, | |
| vs. | | Case Number: 2:11-MJ-02073    Out of District Affidavit |
| Darron Lamont Bennett | | Initial App. Date: 09/07/2011    Initial App. Time: 2:00 PM |
| | Defendant. | Date Filed: 09/07/2011 |
| | | Violation: 21:846 |
| | | CourtSmart: __cs 9/7/11__ |

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: Jay C. Gandhi | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

| PRESENT: | Martinez, Beatriz | _Heather Gorman_ | None |
|---|---|---|---|
| | *Deputy Clerk* | *Assistant U.S. Attorney* | *Interpreter/Language* |

☐ INITIAL APPEARANCE NOT HELD - CONTINUED

☑ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and
  ☐ preliminary hearing OR ☑ removal hearing / Rule 20.

☑ Defendant states true name ☑ is as charged ☐ is _____

☑ Defendant advised of consequences of false statement in financial affidavit. ☑ Financial Affidavit ordered SEALED.

☑ Attorney: Neha Mehta, DFPD ☑ Appointed ☐ Prev. Appointed ☐ Poss. Contribution (see separate order)
  ☐ Special appearance by: _____.

☑ Government's request for detention is: ☑ GRANTED ☐ DENIED ☐ WITHDRAWN ☐ CONTINUED

☐ Defendant is ordered: ☑ Permanently Detained ☐ Temporarily Detained (see separate order).

☐ BAIL FIXED AT $_____ (SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)

☐ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☐ GRANTED ☐ DENIED

☐ Preliminary Hearing waived.

☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties

☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for
  the setting of all further proceedings.

☐ PO/PSA WARRANT ☐ Counsel are directed to contact the clerk for
  District Judge _____ for the setting of further proceedings.

☐ Preliminary Hearing set for _____ at 4:30 PM _____

☐ PIA set for: _____ at 8:30 AM in LA; at 9:30 AM in Riverside; at 10:00 AM in Santa Ana

☐ Government's motion to dismiss case/defendant _____ only: ☐ GRANTED ☐ DENIED

☐ Defendant's motion to dismiss for lack of probable cause: ☐ GRANTED ☐ DENIED

☑ Defendant executed Waiver of Rights. ☐ Process received.

☑ Court ORDERS defendant Held to Answer to __Eastern__ District of __New York__ _____

  ☐ Bond to transfer, if bail is posted. Defendant to report on or before _____

  ☑ Warrant of removal and final commitment to issue. Date issued: __9/7/11__ By CRD: __Bm__

  ☐ Warrant of removal and final commitment are ordered stayed until _____

☐ Case continued to (Date) _____ (Time) _____ AM / PM
  Type of Hearing: _____ Before Judge _____ /Duty Magistrate Judge.
  Proceedings will be held in the ☐ Duty Courtroom ☐ Judge's Courtroom

☑ Defendant committed to the custody of the U.S. Marshal ☐ Summons: Defendant ordered to report to USM for processing.

☐ Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.

☐ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.

☐ RELEASE ORDER NO: _____

☐ Other: _____

☑ PSA          ☑ FINANCIAL          ☑ READY

Deputy Clerk Initials __Bm__
: __04__

| M-5 (12/09) | CALENDAR/PROCEEDING SHEET - LOCAL/OUT-OF-DISTRICT CASE | Page 1 of 1 |
|---|---|---|

1  ANDRÉ BIROTTE JR.
   Acting United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   HEATHER C. GORMAN (Cal. State Bar No. 258920)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California  90012
        Telephone: (213) 894-0334
7       Facsimile: (213) 894-0141
        E-mail: heather.gorman@usdoj.gov
8
   Attorneys for Plaintiff
9  United States of America

```
                              FILED
                    CLERK, U.S. DISTRICT COURT

                        SEP - 7 2011

               CENTRAL DISTRICT OF CALIFORNIA
               BY                      DEPUTY
```

10                 UNITED STATES DISTRICT COURT

11             FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,    )   Case No. 11-mj-2073
                                 )
13                Plaintiff,     )   CR 11-424 (S-3)(JG)
                                 )   (E.D.N.Y.)
14                               )
                                 )
15           v.                  )
                                 )
16  DARRON LAMONT BENNETT,       )   GOVERNMENT'S NOTICE OF REQUEST
                                 )   FOR DETENTION
17                Defendant.     )
   _____)

18

19       Plaintiff, United States of America, by and through its

20  counsel of record, hereby requests detention of defendant and gives

21  notice of the following material factors:

22  ____  1.   Temporary 10-day Detention Requested (§ 3142(d))

23            on the following grounds:

24       ____  a.  present offense committed while defendant was on

25               release pending (felony trial), (sentencing),

26               (appeal), or on (probation) (parole); or

27

28

1       ____  b.  defendant is an alien not lawfully admitted for

2              permanent residence; <u>and</u>

3       ____  c.  defendant may flee; or

4       ____  d.  pose a danger to another or the community.

5   <u>X</u>  2.   <u>Pretrial Detention Requested (§ 3142(e)) because no</u>

6           <u>condition or combination of conditions will</u>

7           <u>reasonably assure</u>:

8     <u>X</u>  a.   the appearance of the defendant as required;

9     <u>X</u>  b.   safety of any other person and the community.

10   ____  3.   <u>Detention Requested Pending Supervised</u>

11           <u>Release/Probation Revocation Hearing (Rules</u>

12           <u>32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:

13     ____  a.  defendant cannot establish by clear and

14            convincing evidence that he/she will not pose a

15            danger to any other person or to the community;

16     ____  b.  defendant cannot establish by clear and

17            convincing evidence that he/she will not flee.

18   <u>X</u>  4.   <u>Presumptions Applicable to Pretrial Detention (18</u>

19           <u>U.S.C. § 3142(e))</u>:

20     <u>X</u>  a.  Title 21 or Maritime Drug Law Enforcement Act

21            ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense

22            with 10-year or greater maximum penalty

23            (presumption of danger to community and flight

24            risk);

25     <u>X</u>  b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b,

26            or 2332b(g)(5)(B) with 10-year or greater maximum

27            penalty (presumption of danger to community and

28

1            flight risk);

2        ____ c.   offense involving a minor victim under 18 U.S.C.

3                §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245,

4                2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-

5                2252A(a)(4), 2260, 2421, 2422, 2423 or 2425

6                (presumption of danger to community and flight

7                risk);

8        ____ d.   defendant currently charged with an offense

9                described in paragraph 5a - 5e below, <u>AND</u>

10               defendant was previously convicted of an offense

11               described in paragraph 5a - 5e below (whether

12               Federal or State/local), <u>AND</u> that previous

13               offense was committed while defendant was on

14               release pending trial, <u>AND</u> the current offense

15               was committed within five years of conviction or

16               release from prison on the above-described

17               previous conviction (presumption of danger to

18               community).

19   <u>X</u>   5.    <u>Government Is Entitled to Detention Hearing</u>

20          <u>Under § 3142(f) If the Case Involves</u>:

21       <u>X</u>   a.   a crime of violence (as defined in 18 U.S.C.

22               § 3156(a)(4)) or Federal crime of terrorism (as

23               defined in 18 U.S.C. § 2332b(g)(5)(B)) for which

24               maximum sentence is 10 years' imprisonment or

25               more;

26        ____ b.   an offense for which maximum sentence is life

27               imprisonment or death;

28

1     __X__ c.  Title 21 or MDLEA offense for which maximum

2             sentence is 10 years' imprisonment or more;

3     ____ d.  any felony if defendant has two or more

4             convictions for a crime set forth in a-c above or

5             for an offense under state or local law that

6             would qualify under a, b, or c if federal

7             jurisdiction were present, or a combination or

8             such offenses;

9     ____ e.  any felony not otherwise a crime of violence that

10            involves a minor victim or the possession or use

11            of a firearm or destructive device (as defined in

12            18 U.S.C. § 921), or any other dangerous weapon,

13            or involves a failure to register under 18 U.S.C.

14            § 2250;

15     __X__ f.  serious risk defendant will flee;

16     ____ g.  serious risk defendant will (obstruct or attempt

17            to obstruct justice) or (threaten, injure, or

18            intimidate prospective witness or juror, or

19            attempt to do so).

20   ____ 6.  Government requests continuance of _____ days for

21            detention hearing under § 3142(f) and based upon the

22            following reason(s):

23            _____

24            _____

25            _____

26 // 

27 // 

28

1      ___    7.     Good cause for continuance in excess of three days

2                   exists in that:

3           _____

4           _____

5           _____

6

7 DATED: September 7, 2011        Respectfully submitted,

8                                    ANDRÉ BIROTTE JR.
                                    Acting United States Attorney

9

10                                   ROBERT E. DUGDALE
                                  Assistant United States Attorney
                                  Chief, Criminal Division

11

12                                   *Heather C. Sp_____*

                                  HEATHER C. GORMAN

13                                   Assistant United States Attorney

14                                   Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK U.S. DISTRICT COURT

SEP - 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )
                               )
                    Plaintiff, )  CASE NO. 11-2073M
                               )
          v.                   )
                               )  ORDER OF DETENTION
DARRON LAMONT BENNETT ,        )
                               )
                    Defendant. )
                               )

## I.

A. (✔)    On motion of the Government in a case allegedly involving:

   1. (✔)   a crime of violence.

   2. (✔)   an offense with maximum sentence of life imprisonment or death.

   3. ( )   a narcotics or controlled substance offense with maximum sentence of ten or more years .

   4. ( )   any felony - where the defendant has been convicted of two or more prior offenses described above.

   5. ( )   any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C § 2250.

B. ( ) On motion by the Government / ( ) on Court's own motion, in a case

1  allegedly involving:

2  (✓)  On the further allegation by the Government of:

3  1. (✓)  a serious risk that the defendant will flee.

4  2. ( )  a serious risk that the defendant will:

5  a. ( ) obstruct or attempt to obstruct justice.

6  b. ( ) threaten, injure, or intimidate a prospective witness or juror or

7  attempt to do so.

8  C. The Government (✓) is/ ( ) is not entitled to a rebuttable presumption that no

9  condition or combination of conditions will reasonably assure the defendant's

10  appearance as required and the safety of any person or the community.

11

12  II.

13  A. (✓)  The Court finds that no condition or combination of conditions will

14  reasonably assure:

15  1. (✓)  the appearance of the defendant as required.

16  (✓)  and/or

17  2. (✓)  the safety of any person or the community.

18  B. (✓)  The Court finds that the defendant has not rebutted by sufficient

19  evidence to the contrary the presumption provided by statute.

20

21  III.

22  The Court has considered:

23  A. the nature and circumstances of the offense(s) charged, including whether the

24  offense is a crime of violence, a Federal crime of terrorism, or involves a minor

25  victim or a controlled substance, firearm, explosive, or destructive device;

26  B. the weight of evidence against the defendant;

27  C. the history and characteristics of the defendant; and

28  D. the nature and seriousness of the danger to any person or to the community.

**ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))**

CR-94 (06/07)                                                           Page 2 of 4

1          IV.

2      The Court also has considered all the evidence adduced at the hearing and the

3      arguments   and/or   statements   of   counsel,   and   the   Pretrial   Services

4      Report/recommendation.

5

6          V.

7      The Court bases the foregoing finding(s) on the following:

8      A. (✓)    As to flight risk:  Defendant provided no background information.

9

10     B. (✓)    As to danger:  Defendant has a notable criminal history.

11         VI.

12     A. ( )    The Court finds that a serious risk exists that the defendant will:

13         1. ( ) obstruct  or  attempt  to  obstruct  justice.

14         2. ( ) attempt to/ ( ) threaten, injure or intimidate a witness or juror.

15

16     B. The Court bases the foregoing finding(s) on the following: _____

17     _____

18     _____

19     _____

20     _____

21     _____

22     _____

23     _____

24         VII.

25

26     A. IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

27     B. IT IS FURTHER ORDERED that the defendant be committed to the

28         custody of the Attorney General for confinement in a corrections facility

**ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))**

1    separate, to the extent practicable, from persons awaiting or serving

2    sentences or being held in custody pending appeal.

3    C. IT IS FURTHER ORDERED that the defendant be afforded reasonable

4    opportunity for private consultation with counsel.

5    D. IT IS FURTHER ORDERED that, on order of a Court of the United States

6    or on request of any attorney for the Government, the person in charge of

7    the corrections facility in which the defendant is confined deliver the

8    defendant to a United States marshal for the purpose of an appearance in

9    connection with a court proceeding.

13    DATED: September 7, 2011

HONORABLE JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE

---

**ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(i))**

CR-94 (06/07)                       Page 4 of 4

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT

SEP - 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA,

PLAINTIFF

CASE NUMBER:

v.

*Darron Lamont Bennett*

DEFENDANT.

**WAIVER OF RIGHTS**
**(OUT OF DISTRICT CASES)**

I understand that charges are pending in the _____ District of _____ alleging violation of _____ and that I have been arrested in this district and
<span style="font-size:smaller">*(Title and Section · Probation · Supervised Release)*</span>
taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:

(1)   have an identity hearing to determine whether I am the person named in the charges;
(2)   arrival of process;

*-Check one only-*

☐   **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**
    (3)   have a preliminary hearing (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and
    (4)   request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead guilty.

☐   **PROBATION OR SUPERVISED RELEASE CASES:**
    (3)   have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT(S) TO:**

☑   have an identity hearing
☐   arrival of process
☐   have a preliminary hearing
☐   have an identity hearing, and I have been informed that I have no right to a preliminary hearing
☐   have an identity hearing, but I request that a preliminary hearing be held in the prosecuting district.

X _____
Defendant

_____
Defense Counsel

Date: ___9/7/11___

_____
United States Magistrate Judge

I have translated this Waiver to the defendant in the _____ language.

Date: _____

_____
Interpreter (if required)

FILED
CLERK, U.S. DISTRICT COURT

SEP - 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

I hereby attest and certify on __9/7/4__
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
By _____
DEPUTY CLERK

1168

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | **CASE NUMBER:** |
|---|---|---|
| | **PLAINTIFF(S)** | 11-2073M |
| v. | | |
| Darron Lamont Bennett | | **FINAL COMMITMENT AND WARRANT OF REMOVAL** |
| | | <u>Eastern</u>  District of  <u>New York</u> |
| | **DEFENDANT(S).** | At _____ |
| | | *(City)* |

**To: United States Marshal for the Central District of California**

The above-named defendant is hereby remanded to your custody and you are hereby ORDERED to remove him/her forthwith, along with a certified copy of this Commitment, to the custodian of a place of confinement within the District of Origin, approved by the Attorney General of the United States, where the defendant shall be received and safely kept until discharged in due course of law.

This defendant was arrested in this District after the filing of a(n):

| ☑ Indictment | ☐ Information | ☐ Complaint | ☐ Order of court |
|---|---|---|---|
| ☐ Pretrial Release Violation Petition | ☐ Probation Violation Petition | ☐ Supervised Release Violation Petition | ☐ Violation Notice |

charging him or her with   (brief description of offense)

☑ in violation of Title __21__   United States Code, Section (s) __846__

☐ in violation of the conditions of his or her pretrial release imposed by the court.

☐ in violation of the conditions of his or her supervision imposed by the court.

The defendant has now:

☐ duly waived arrival of process.
☑ duly waived identity hearing before me on __9/7/11__
☐ duly waived preliminary hearing before me on _____
☐ had a preliminary hearing before me on _____, and it appears that there is probable cause to believe that the offense so charged has been committed and that the defendant has committed it.
☐ had an identity hearing before me on _____, and it appears that the defendant is the person named as charged, and:
    ☐ Bail has been set at $_____ but has not been posted.
    ☐ No bail has been set.
    ☐ Permanent detention has been ordered.
    ☐ Temporary detention has been ordered.

| __9. 7. 2011__ | _____ |
|---|---|
| Date | United States Magistrate Judge |

## RETURN

Received this commitment and designated prisoner on _____, and on _____,
committed him to _____ and left with the custodian at the same time
a certified copy of the within temporary commitment.

United States Marshal, Central District of California

| _____ | _____ |
|---|---|
| Date | Deputy |

M-15 (01/09)   **FINAL COMMITMENT AND WARRANT OF REMOVAL**