**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JAMES ROSEMOND,

            Defendant.

- - - - - - - - - - - - - - X

CONSENT PRELIMINARY
ORDER OF FORFEITURE

Criminal Docket No. 11-424 (JG)

      WHEREAS, on June 5, 2012, the defendant, JAMES ROSEMOND was found by a jury to be guilty of engaging in a continuing criminal enterprise and six counts of drug trafficking, in violation of 21 U.S.C. §§ 841, 846 and 848, as set forth in Counts One through Seven of the Fourth Superseding Indictment (the "Indictment") in this matter; crimes involving possession of a firearm, as set forth in Counts Eight and Nine of the Indictment, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(c)(1)(A)(i); and conspiring to launder money and engaging in unlawful monetary transactions and structuring, as set forth in Counts Ten through Twelve of the Indictment, in violation of 18 U.S.C. §§ 1956 and 1957 and 31 U.S.C. § 5324;"

      WHEREAS, on June 5, 2012, the defendant waived his right to a jury trial on the Criminal Forfeiture Allegations in the Indictment and consented to have the Court determine forfeiture on the basis of his conviction of one or more of Counts One through Seven, Ten, Eleven and Twelve (hereinafter, the "Counts Giving Rise to Forfeiture");

      WHEREAS, as set forth in the Criminal Forfeiture Allegations in the Indictment, the defendant's convictions under the Counts Giving Rise to Forfeiture, each

provide a separate basis for the United States to assert a claim of forfeiture against the defendant;

WHEREAS, the defendant filed a motion for a new trial on June 26, 2013, July 12, 2013, and September 6, 2013 (the "motion for new trial") and contends that the is going to challenge his conviction by direct appeal;

WHEREAS, the defendant entered into negotiations with the United States and, as a result of these negotiations, the defendant has agreed to forfeit all right, title, and interest in the following real property, including but not limited to easements, conveyances and structures:

1. The real property located at 101 Willoughby Street/365-66 Bridge Street, Units 20B and 20C, Brooklyn, New York, , and titled in the name of Quo Realty Co., LLC, of which the defendant is the sole owner (the "Bridge Street Property");

2. The real property located at 100 Riverside Boulevard, Unit 7E, New York, New York, and titled in the name of Jamilah-Nadegh Holdings, LLC, of which the defendant is the sole owner (the "Riverside Property"); and

3. The real property located at 770 Claughton Island Drive, Unit 1014, Miami, Florida, titled in the name of Constandrea, LLC, of which the defendant is the sole owner (the "Claughton Property," collectively, the "Real Properties");

WHEREAS, as a result of these negotiations, and negotiations with Tamika Woolley, the United States agrees to file a release of pendency on the real property located at 1800 Purdy Street, Sunset Harbour South, Penthouse 5, Miami, Florida (the "Purdy Street Property");

WHEREAS, as a result of the aforementioned negotiations, Tamika Woolley agrees not to interpose any claims to the Real Properties or the Forfeiture Money Judgment;

WHEREAS, the defendant agrees to the entry of a forfeiture money judgment in the amount of ten million dollars ($10,000,000.00) in United States currency (the "Forfeiture Money Judgment") pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and further agrees that based upon the convictions under any of the Counts Giving Rise to Forfeiture, there is a legal basis to affirm that the amount of the Forfeiture Money Judgment constitutes or is derived from, involved in or used to facilitate a violation of 21 U.S.C. § 841, 18 U.S.C. § 1956 and/or 31 U.S.C. § 5324 and/or as substitute assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, upon issuance of a Final Order of Forfeiture, the United States will sell the Real Properties in a commercially reasonable manner and deposit the proceeds, after payment of outstanding taxes and the expenses incurred by the Internal Revenue Service ("IRS"), or its agent(s), in connection with its custody and sale of the Real Properties (the "Real Properties Proceeds"), in the Treasury Suspense Account maintained by the IRS pending the outcome of any pending appeal;

WHEREAS, should the defendant prevail on the motion for a new trial or direct appeal of his conviction as to all of the Counts Giving Rise to Forfeiture, the United States will move to vacate the Final Order of Forfeiture, and the parties agree that the Real Properties Proceeds will be treated as both a substitute res and seized asset pending resolution of the criminal case in the Eastern District of New York or any civil forfeiture proceedings that the United States may bring in the Eastern District of New York;

3

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a), 28 U.S.C. § 2461(c), 21 U.S.C. §§ 853(a) and (p) and 31 U.S.C. § 5317(c).

2. The defendant shall forfeit to the United States all right, title, and interest in the Real Properties (i.e., the Bridge Street Property, the Riverside Property, and the Claughton Street Property), including but not limited to easements, conveyances and structures. The defendant agrees to execute any and all documents necessary to facilitate the transfer of all right, title, and interest in the Real Properties, to include any documentation relating to the defendant's corporate entities and/or identities.

3. That any and all right, title, and interest of title holder of record Quo Realty Co., LLC, a Delaware limited liability company, James Rosemond Managing Member, in the Bridge Street Property, is hereby forfeited to the United States.

4. That any and all right, title, and interest of title holder of record Jamilah-Nadegh Holdings, LLC, a New York limited liability company, James Rosemond Managing Member, in the Riverside Property, is hereby forfeited to the United States.

5. That any and all right, title, and interest of owner of record Constandrea, LLC, a New York limited liability company, James Rosemond Managing Member, in the Claughton Property, is hereby forfeited to the United States.

6. The United States shall file a release of pendency on the Purdy Street Property.

Case 1:11-cr-00424-JG   Document 245-1   Filed 10/31/13   Page 5 of 8 PageID #: 2520

7. Any and all payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the "Department of Treasury," and the defendant shall cause said check to be hand delivered to FSA Paralegal Yvette Ramos, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check. The Forfeiture Money Judgment shall be paid at the time of sentencing (the "Due Date"). If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest from the Due Date on any unpaid portion thereof at the judgment rate of interest, pursuant to 18 U.S.C. § 3612(f)(2). Interest shall not accrue during the pendency of the motion for new trial or direct appeal of his conviction. The United States shall be entitled to execute any unpaid portion of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The defendant shall fully assist the United States in effectuating the payment of the Forfeiture Money Judgment at all times excepting during the pendency of the motion for new trial or direct appeal of his conviction. Except where such litigation relates to a legal challenge against the convictions on the Counts Giving Rise to Forfeiture the defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the United States seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

8. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the money and assets forfeited hereunder,

5

Case 1:11-cr-00424-JG Document 245-1 Filed 10/31/13 Page 6 of 8 PageID #: 2521

including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Forfeiture Money Judgment and the Real Properties, and waives all constitutional, legal and equitable defenses to this forfeiture not related to legal challenges against his convictions listed in this Order, including but not limited to any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The forfeiture of the Forfeiture Money Judgment and the Real Properties hereunder is not to be considered a payment of a fine or restitution or a payment on any income taxes that may be due. The forfeiture of the Forfeiture Money Judgment and the Real Properties hereunder is not an admission of the amount of loss for purposes of the calculation of the Sentencing Guidelines or for purposes of the calculation of the amount of restitution, if any.

9. The IRS is authorized and directed to take custody of the Real Properties and sell the Real Properties by any commercially reasonable means, including but not limited to using a commercial realtor.

10. The proceeds of the sale of the Real Properties will be held in the Treasury Suspense Account by the IRS pending the outcome of the motion for new trial and any timely filed direct appeal of the defendant's conviction.

11. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

6

12. In the event that the defendant does not succeed on either the motion for new trial or direct appeal of his convictions as to <u>all</u> of the Counts Giving Rise to Forfeiture, the defendant agrees to forfeiture based on the remaining Counts Giving Rise to Forfeiture.

13. In the event that the defendant succeeds on vacating his conviction either by his motion for a new trial or on direct appeal of his convictions as to <u>all</u> of the Counts Giving Rise to Forfeiture, the United States will move to vacate the order of forfeiture and the Real Properties Proceeds will be remain in the IRS Treasury Suspense Account pending resolution of the criminal case in the Eastern District of New York or any civil forfeiture proceedings that the United States may bring in the Eastern District of New York;

14. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

15. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

16. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

17. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

18. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to Assistant United States Attorney Karin Orenstein,

7

United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

19. This document can be signed in counterparts.

Dated: Brooklyn, New York
_October 25_, 2013

By: /s/ Karin Orenstein
LORETTA E. LYNCH
United States Attorney
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Karin Orenstein
Assistant United States Attorney
(718) 254-6188

/s/ David Bythewood
David Bythewood
Attorney for James Rosemond
85 Willis Avenue, Suite J
Mineola, New York 11501
(516) 741-0066

/s/ James Rosemond
James Rosemond
Defendant, in his personal capacity and as the Controlling Member of Jamilah-Nadegh Holdins, LLC, Quo Realty Co., LLC, and Constandrea, LLC

/s/ Tanika Woolley
Tanika Woolley

So Ordered:

S:/ JOHN GLEESON, U.S.D.J.
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE

8